**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:09-CR-35 |
| ) | |
| RONALD ZITT, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the "Motion to Move Defendant to a Federal Facility," filed by Defendant Ronald Zitt on September 2, 2011 (DE #492). For the reasons set forth below, the motion is **DENIED**.

Defendant Zitt asks the Court to transfer him to "MCC Chicago, IL for use of a Law library to represent himself Pro se." (DE #492.) In the memorandum in support of his motion, Defendant Zitt references "BOUNDS" (the Court assumes this to be *Bounds v. Smith*, 430 U.S. 817 (1977)) and states that law libraries are required to have books containing relevant state and federal statutes, law reporters, Shepard's Citations, basic treatises, etc. (DE #493, p. 1.) Defendant Zitt provides specific citations to four cases, including *Corgain v. Miller*, 708 F.2d 1241 (7th Cir. 1983), and he argues that "[t]his system makes research very hard and time consuming, and some courts have held that, without additional

measures such systems violate a prisoners right to access the courts." (*Id*. at 1-2.)

What Defendant Zitt does not cite is *U.S. v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010), wherein the Seventh Circuit held:

> We have long interpreted *Bounds* to give the government the choice to provide either access to a law library or access to counsel or other appropriate legal assistance. We have further held that a defendant who declines appointed counsel and instead invokes his constitutional right to self-representation . . . does not have a right to access to a law library. **The rule is that [the defendant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up.** Insofar as Sykes contends that access to a law library is mandated under *Bounds*, our caselaw squarely forecloses his claim.

*Id*. at 311 (internal citations and quotation marks omitted) (emphasis added).

In this case, Defendant Zitt has had more than ample access to counsel. Since the inception of this case, Defendant Zitt has had four different attorneys; one attorney was retained by Defendant Zitt and three attorneys were appointed by this Court. For various reasons, Defendant Zitt opted to fire all of his Court appointed attorneys. Throughout the case, the Court has held numerous hearings and issued numerous orders regarding Defendant Zitt's alleged difficulties with counsel. Finally, on July 5, 2011, Defendant Zitt filed a formal motion to proceed *pro se.* (DE #468.)

On July 14, 2011, the Court held a hearing on Defendant Zitt's motion, thoroughly questioned Defendant Zitt regarding his reasons for wishing to proceed pro se, and advised him of the risks associated with doing so. (DE #470.) After this exchange, Defendant Zitt unequivocally stated that he wished to fire his attorney in order to proceed *pro se*. (*Id.*) The Court granted his request, and, as a precaution, ordered that Attorney Adam Tavitas remain in the case as stand-by counsel to assist Defendant Zitt with any electronic filing. (*Id.*) However, the Court cautioned Defendant Zitt that the purpose of allowing stand-by counsel was not to do Defendant Zitt's legal research or to prepare any motions for him; Defendant Zitt did not waiver in his position that he wished to proceed *pro se*. (*Id.*) Towards the end of the hearing, Defendant Zitt requested a continuance of the previously scheduled Sentencing Hearing so that he could prepare his additional motions *pro se*, and the Court granted the continuance. (*Id.*)

Based on the foregoing events and after consideration of the applicable Seventh Circuit case law, the Court, **DENIES** Defendant Zitt's "Motion to Move Defendant to a Federal Facility" (DE #492).

**DATED: September 15, 2011**          **/s/ RUDY LOZANO, Judge**
                                    **United States District Court**