**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:09-CR-35 |
| | ) |
| RONALD ZITT, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the (1) "Memorandum of Law in Support of Motion to Dismiss For Prosecutorial Misconduct-Misuse of Information," filed by Ronald Zitt ("Zitt") on August 15, 2011 (DE #483); (2) "Motion for Disclosure of Government's Witnesses at Sentencing," filed by Zitt on August 24, 2011 (DE #486); (3) the "Motion to Dismiss Indictment for Conflict of Interest of Case Agent," filed by Zitt on August 25, 2011 (DE #488); and (4) the "Defendants Motion for Cross Examination of Governments Witness," filed on September 23, 2011 (DE #503). For the reasons set forth below, the Motion to Dismiss for Prosecutorial Misconduct (DE #483) is **DENIED**; the Motion for Disclosure (DE #486) is **GRANTED**; the Motion to Dismiss for Conflict of Interest (DE #488) is **DENIED**; and the Motion for Cross Examination of Governments Witness (DE # 503) is **DENIED IN PART AND TAKEN UNDER ADVISEMENT IN PART**, as described more fully below.

BACKGROUND

On October 15, 2010, Zitt was convicted of one count of conspiracy to possess with intent to distribute and distribute one kilogram or more of heroin and two counts of distributing heroin. Zitt has had four separate defense attorneys, and has expressed dissatisfaction with each of them during these proceedings. After his conviction, Zitt continued to express dissatisfaction with his attorney, and after many motions and hearings, Zitt ultimately decided to proceed *pro se* on July 14, 2011. Once no longer represented by counsel, Zitt filed the instant motions.

After Zitt filed the motions to dismiss and the motion for disclosure of witnesses the government intends to call at sentencing, the Court took the motions under advisement, ordered the Government to respond by September 8, 2011, and advised Zitt that he had to and through September 15, 2011, to file his reply. (DE #490.) In its response, which was filed by the deadline, the Government argues that the motions to dismiss the indictment should be denied because they are untimely. (DE #494, pp. 2-3.) The Government specifically objects to the Court reaching the merits of Zitt's motions, stating that Zitt had ample time to timely file any necessary post-trial motions and that he has already "delayed these proceedings on multiple occasions." (*Id*. at 3.) The Government, however, expressed a willingness to accommodate Zitt's request for the names of witnesses who may be called at sentencing. Zitt has

replied and the motions to dismiss and motion for disclosure of the Government's witnesses and these motions are now ripe for adjudication.

DISCUSSION

Motions to Dismiss

Zitt seeks dismissal of the indictment both for alleged prosecutorial misconduct and an alleged conflict of interest of the case agent. Zitt alleges that federal prosecutors engaged in misconduct of a variety of kinds: intentional intimidation of witnesses, abuse of the grand jury process, interference with defendants attorney-client relationship, and conflicts of interest. The alleged conflict of interest that serves as the basis for the second of Zitt's motions to dismiss is that he is (or previously was) related by marriage to the lead agent of the Michigan City, Indiana task force, and that this individual has engaged in unethical and inappropriate behavior in order to ensure Zitt is incarcerated.

The Government argues that, although the motions do not say under which rule or rules they are brought and could conceivably be construed as motions under a variety of different rules, the motions are untimely however they are construed. Zitt contends that the motions should not be treated as untimely because he repeatedly asked his various attorneys to file these motions on his

behalf, each refused, and he filed them once he became *pro se.*

The Government treats the instant motions to dismiss as falling into one of the categories of post-trial motions which is explicitly allowed to be filed by the federal rules of criminal procedure. A motion for a new trial under Federal Rule of Criminal Procedure 33 must be filed within 14 days of the verdict unless it is grounded on newly discovered evidence. Nothing in Zitt's motions suggests that his motions are based on new evidence. A request to arrest the judgment under Federal Rule of Criminal Procedure 34 must also be filed within 14 days of the verdict. Motions for judgment of acquittal under Federal Rule of Criminal Procedure 29 are subject to the same 14-day deadline. Whether Zitt's motions are construed as motions for new trial, requests to arrest the judgment, or motions for judgment of acquittal, his motions were not filed within the 14 days allowed by the federal rules of criminal procedure.

On October 27, 2010, Zitt filed a motion seeking a 30-day extension of time to file his post-trial motions and indicating that he wanted to obtain new counsel (DE #364). Zitt's motion was denied with leave to refile because he was still represented by counsel and therefore could not file the motion *pro se*, but the court *sua sponte* extended the deadline for filing post-trial motions until November 12, 2010, and scheduled a hearing regarding whether Zitt intended to proceed *pro se*. At the hearing on

November 2, 2010, Zitt chose not to represent himself and expressed that he wanted his court appointed counsel to continue to represent him. On November 12, 2010, the day post-trial motions were due, Zitt asked for an extension of time to allow for substitution of counsel. His motion indicated he was trying to find an attorney who would file the post-trial motions he wanted filed, and he requested an additional 14-day extension of time. That request was denied, with the Court noting that Zitt was still represented by counsel and that Zitt had not indicated that he wished to fire his current court-appointed attorney. Zitt ultimately terminated his counsel on July 14, 2011, and thereafter filed the instant motions to dismiss.

Zitt's motions to dismiss were filed after the time set by the federal rules of criminal procedure for filing post-trial motions and the deadline set by this Court for post-trial motions. Although not jurisdictional, these "claim processing rules" apply when properly invoked by the Government. *Eberhart v. United States*, 546 U.S. 12, 18-19 (2005). Here the Government has objected to Zitt's untimely filings.

Although neither Zitt nor the Government addressed Federal Rule of Criminal Procedure 12(b), the timeliness of Zitt's motions to dismiss could also be analyzed under that rule. Federal Rule of Criminal Procedure 12(b)(3) provides that certain motions must be made before trial, including "a motion alleging a defect in the

5

indictment or information - but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the Court's jurisdiction or to state an offense." Failure to timely raise such motions constitutes waiver, although the Court may excuse a defendant's failure to file a motion timely for good cause. F.R.Cr.P. 12(c) and (e); *United States v. Cathey*, 591 F.2d 268, 271 n. 1 (5th Cir.1979); *U.S. v. Whitfield,* 590 F.3d 325, 359 (5th Cir. 2009); *United States v. Dulcio*, 441 F.3d 1269, 1275 (11th Cir.2006).

At the point Zitt terminated his counsel, it was too late to file a motion to dismiss the indictment under Rule 12(b) unless it alleged that the Court lacked jurisdiction or the indictment fails to state a claim. This Court has examined Zitt's motions, and they do not challenge this Court's jurisdiction or allege that the indictment does not state an offense. The motions are, accordingly, late.

Additionally, Zitt has not established good cause for the lateness of his filings. Zitt argues that the lateness should be excused because his attorney refused to file these motions. Zitt regularly expressed discontent with his counsel and was regularly advised of his right to proceed *pro se*, but he did not elect to do so until after trial and after the deadline for filing post-trial motions. If Zitt's attorney would not file these motions on his behalf, Zitt was free to terminate his attorney and file the

6

motions *pro se* at any time, including before trial. Zitt has regularly demonstrated a desire to "have it both ways": to have an attorney represent his interest, but to also be allowed to file documents by himself that his attorneys do not wish to file on his behalf. It has been made clear that this Court would not allow Zitt to proceed in that manner.

Although Zitt claims he requested that these motions be filed all along, he waited ten months after the jury found him guilty and over four weeks after he terminated his last attorney to file the motions. His lack of diligence in filing the motions is further demonstrative of a lack of good cause given the length of time Zitt contemplated proceeding *pro se* prior to actually terminating his counsel. Accordingly, the motions to dismiss are **DENIED** as untimely.

Motion for Disclosure of Government's Witnesses at Sentencing Hearing

Zitt asks that this Court order the Government to disclose its list of witnesses it intends to call at sentencing. At the time the motion was filed, sentencing was scheduled for October 7, 2011. The Government responded to Zitt's motion by stating that it has no obligation to provide such a list, but that it does not object to providing the requested names. The Government indicated that it would send the list to Zitt via express mail by September 16, 2011, three (3) weeks prior to sentencing. However, the court later

7

continued the sentencing on the Government's request.  After due consideration, and there being no objection by the Government, Zitt's motion for disclosure of witnesses the Government plans to call at sentencing is **GRANTED.**  The Government is now **ORDERED** to provide Zitt with the names of its potential sentencing witnesses via express mail three (3) weeks prior to Zitt's sentencing.

Defendant's Motion for Cross Examination of Government's Witnesses

Zitt asks the Court to turn over criminal history reports for potential government witnesses.  Presumably, he intended to ask the Court to order the Government to provide such information.  To the extent Zitt is asking this Court to provide him with the requested information, his request is **DENIED**.  To the extent he is requesting that this Court order the Government to provide him with criminal history reports, his request is **TAKEN UNDER ADVISEMENT**.  The Government is **ORDERED** to file a response to this motion on or before November 7, 2011.  Zitt may file a reply on or before November 18, 2011.

**DATED: October 31, 2011**               /s/ RUDY LOZANO, Judge
                                          **United States District Court**